IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RARIDON & ASSOCIATES ORTHOPEDICS,
INC.,

        Plaintiff,

        v.

ROBERT SCHMIDT,

        Defendant.

Case No. 23-2373-JAR

## MEMORANDUM AND ORDER

On August 28, 2025, this Court granted Plaintiff Raridon & Associates Orthopedics, Inc.'s motion for summary judgment on its breach-of-contract claim against Defendant Robert Schmidt, awarded Plaintiff compensatory damages and attorney fees, and directed Plaintiff to file an application for reasonable attorney fees within 21 days.[1]  Now before the Court is Plaintiff's Motion for Attorney Fees (Doc. 159).  Defendant has not responded and the time to do so has expired.  As explained below, the Court awards Plaintiff $244,133 in reasonable attorney fees and $25,390.01 in litigation expenses.

## I.    Background

Plaintiff Raridon & Associates Orthopedics, Inc. ("Raridon") originally filed this diversity action on September 21, 2021, in the United States District Court for the Southern District of Iowa, alleging one count for breach of contract against Schmidt.  The Dentons Davis Brown ("DDB") law firm represented Plaintiff.  On March 10, 2022, Plaintiff amended to add a request for attorneys' fees based on paragraph 11 of the employment agreement between it and

---

[1] Doc. 158.

Schmidt.  On August 31, 2022, Plaintiff filed a motion for summary judgment.[2]  Following extensive discovery, Plaintiff amended a second time on September 30, 2022, to add Midwest Medical Resources, Inc. ("MMR") as a defendant, and to add claims of tortious interference with contract and unjust enrichment against MMR and a claim of civil conspiracy against MMR and Schmidt.  On August 29, 2023, following MMR's successful motion to dismiss for lack of personal jurisdiction, the case was transferred to the United States District Court for the District of Kansas on a joint motion to transfer.[3]  Plaintiff retained local counsel in the District of Kansas—Dentons US, LLP ("Dentons").

On December 22, 2023, Plaintiff dismissed all claims against MMR pursuant to a settlement between Raridon and MMR.  On April 8, 2024, Plaintiff filed a motion for summary judgment against Schmidt, who by that point in the litigation appeared pro se.  On August 28, 2025, following Schmidt's unsuccessful attempt at filing bankruptcy, this Court ruled in favor of Plaintiff on its breach-of-contract claim against Schmidt and awarded it compensatory damages and reasonable attorneys' fees.  Specifically, the Court found that Plaintiff was entitled to attorneys' fees under paragraph 11 of the contract that was breached.  The Court denied Plaintiff's motion for summary judgment on the conspiracy claim that remained against Schmidt.

## II.    Standard

In its August 28 Order, the Court explained that Iowa law applies to the employment contract between the parties.  The contract itself specifies that Iowa law applies,[4] and the Court determined that under the applicable choice-of-law rules, Iowa law applied.  Under Iowa law,

---

[2] The district court in Iowa administratively terminated this motion after Plaintiff amended the complaint. Doc. 69.

[3] Doc. 107.

[4] Doc. 136-9 ¶ 21(a).

"attorney fees are recoverable only by statute or under a contract."[5]  "When a contract contains a clear and express provision regarding attorney fees, the court's award must be for reasonable attorney fees."[6]  "The burden is on the party seeking to recover fees 'to prove both that the services were reasonably necessary and that the charges were reasonable in amount.'"[7]

### A.    Attorney Fees

A reasonable attorney fee is "calculated by multiplying the number of hours reasonably expended on *the winning claims* times a reasonable hourly rate."[8]  This "lodestar" amount is then presumed to be the reasonable attorney fee.[9]

Iowa courts also consider the following factors:

> the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service.  The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case.[10]

The Court is required to make detailed findings of fact on these factors along with its fee award.[11]

---

[5] *NCJC, Inc. v. WMG, L.C.*, 960 N.W.2d 58, 62 (Iowa 2021) (quoting *Guardianship & Conservatorship of Radda v. Wash. State Bank*, 955 N.W.2d 203, 214 (Iowa 2021)).

[6] *NevadaCare, Inc. v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 470 (Iowa 2010); *see also* Iowa Code § 625.22(1).

[7] *Ales v. Anderson, Gabelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 842 (Iowa 2007) (quoting *Lynch v. City of Des Moines*, 464 N.W.2d 236, 238 (Iowa 1990)).

[8] *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009) (emphasis added) (quoting *Dutcher v. Randall Foods*, 546 N.W.2d 889, 896 (Iowa 1996)).

[9] *Id.*

[10] *Lynch*, 464 N.W.2d at 238 (quoting *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990)).

[11] *Boyle*, 773 N.W.2d at 833.

Plaintiff has submitted detailed billing records and affidavits demonstrating the hours and rates its counsel used. The Court has reviewed these records and finds that the hours counsel spent litigating the breach-of-contract claim against Schmidt were reasonable and that the hourly rates used by counsel and support staff were reasonable. Several attorneys in Iowa and Kansas City worked on this matter, but counsel was able to reduce attorney hours spent by relying on DDB's paralegal, Amanda Jackson's assistance. Jackson has 26 years of experience and is a certified E-discovery specialist. Time spent on the following tasks were reasonable in prosecuting Plaintiff's breach-of-contract claim against Schmidt: factual investigation; evaluating the appropriate venue and choice of law and available claims; filing the case and obtaining service; conducting multiple depositions; propounding and responding to voluminous written discovery; issuing third-party subpoenas and resultantly processing and reviewing documents and records; briefing motions for summary judgment in two jurisdictions; and representing Raridon's interests in Schmidt's bankruptcy attempt. Plaintiff also retained an expert witness to calculate its damages on the breach-of-contract claim. Plaintiff has demonstrated through affidavits that DDB's and Denton's rates are comparable to the prevailing market rates in or around the Southern District of Iowa, including Des Moines and in Kansas City.

However, the Court must reduce the amount sought by Plaintiff for work expended on claims outside the scope of the attorney fee award. This Court awarded Plaintiff attorney fees under paragraph 11 of the contract that was breached—the employment agreement between Plaintiff and Schmidt. Under that provision, Schmidt agreed that a violation of paragraph 10 of the agreement (the covenants not to compete), entitles Plaintiff to "reasonable attorney's fees . . .

should it maintain a successful action to enforce the covenants in Paragraph 10."[12]  Yet, in its motion, Plaintiff also seeks reimbursement for time spent prosecuting its claims against MMR for tortious interference with contract and unjust enrichment.  This time includes litigating a personal jurisdiction motion to dismiss that did not involve Schmidt and a mediation with MMR in November of 2023 that resulted in settlement of those claims.  MMR was not a party to the employment agreement.

The lodestar presented by Plaintiff's supporting evidence is $297,133.  After carefully reviewing the detailed billing records, the Court reduces that amount by $53,000, which represent the approximate fees expended on the MMR claims.[13]  In reducing Plaintiff's fees by this amount, the Court is mindful that Iowa courts apply the rule that "[w]hen plaintiff's unsuccessful claims are unrelated to their successful claims, the Court may not award fees or costs obviously incurred in pursuing only the unsuccessful claims."[14]  The Court does not reduce counsel's time spent working on the common core of facts involved in this lawsuit, but instead focuses on determining the work counsel "'expended in pursuit of' a claim for which attorney fees are recoverable."[15]  The only claim upon which attorneys' fees are recoverable is the breach-of-contract claim against Schmidt.  Plaintiff separately settled its claim with MMR, MMR was not a party to the employment agreement, and to the extent Plaintiff spent time on claims strictly

---

[12] Doc. 136-9 ¶ 11.

[13] *See Boyle*, 773 N.W.2d at 834 ("While the court may arrive at a general conclusion that the hours expended were excessive without specifying with exactness each hour that was unreasonably spent, it still must provide '[d]etailed findings of fact with regard to the factors considered [in its determination of] the attorney fee award.'" (citation omitted) (quoting *Dutcher v. Randall Foods*, 546 N.W.2d 889, 897 (Iowa 1996))); *Smith v. Iowa State Univ. of Sci. & Tech.*, 885 N.W.2d 620, 625–26 (Iowa 2016) (explaining that the district court is not required to "make a dollar-by-dollar attorney fee reduction").

[14] *Liquid Cap. Exch., Inc. v. BDC Grp., Inc.*, No. 20-CV-89, 2022 WL 15045058, at *9 (N.D. Iowa Oct. 26, 2022).

[15] *Id.* (quoting *Smith*, 885 N.W.2d at 624).

involving MMR, attorneys' fees are not recoverable.  The Court has considered the requisite factors for the remaining hours spent and finds that the lodestar amount otherwise represents reasonable attorneys' fees.

### B.    Expenses

Iowa law provides that a reasonable attorney fee includes litigation expenses.[16]  Such expenses can include nontaxable costs that are "reasonably necessary."[17]  The Court has reviewed Plaintiff's billing records that itemize the requested expenses[18] and finds several of them were reasonably necessary in this litigation.  The biggest portion of Plaintiff's requested expenses is for its damages expert.  The Court is permitted to consider such expert fees in awarding attorney fees.[19]  The Court has reviewed this expert's invoice and finds that these expenses were reasonably necessary in pursuing its breach-of-contract claim against Schmidt in this matter.[20]

However, several of the expenses submitted by Plaintiff are not reimbursable.  First, the Court will not award expenses for items that are taxable under 28 U.S.C. § 1920.  Such costs include filing fees,[21] fees for service of subpoenas, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and fees for witnesses.  Those costs should be submitted through the bill-of-costs procedure outlined in D. Kan. Rule 54.1.  The Court also

---

[16] *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 732–33 (Iowa 2005).

[17] *See Ales v. Anderson, Gabelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 842 (Iowa 2007).

[18] Doc. 159-7.

[19] *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 488 (Iowa 2012).

[20] *See* Doc. 159-9.

[21] Although some courts have found pro hac vice fees are not recoverable costs, this Court has awarded them as costs under § 1920.  *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1077 (D. Kan. 2005); *see also Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009) (acknowledging split of authority, collecting cases, and allowing pro hac vice fees to be taxed as costs).

declines to award $1,578.75 in expenses associated with the MMR mediation on November 14,

2023, for the same reasons explained above.  Backing out this amount and the amounts that

should be submitted as taxable costs, Plaintiff is entitled to $25,390.01 in litigation expenses.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for

Attorney Fees (Doc. 159) is **granted**.  Plaintiff is awarded against Schmidt $244,133 in

attorney's fees and $25,390.01 in expenses.[22]

**IT IS SO ORDERED.**

Dated: October 15, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[22] Judgment will be entered in this matter upon Plaintiff's forthcoming voluntary dismissal of the remaining conspiracy claim against Schmidt.